JOSEPH E. COREIL, Judge Pro Tern.
This is a worker’s compensation case which arose as a result of plaintiff’s injury on February 9, 1985. This is an appeal by Norman Guidry, plaintiff-appellant, from the trial court’s judgment appointing a vocational rehabilitation expert to assist him in his vocational rehabilitation. Guidry moved for a new trial, contending that the trial court erred in failing to cast his em *145 ployer’s insurer, First Horizon Insurance Company (First Horizon), with the cost of his rehabilitation. The trial court denied Guidry’s motion for new trial, stating, in his reasons for ruling, that he agreed with defendant’s contention that “the lump sum judgment received by plaintiff in a third party tort suit acts as a credit as to future compensation, medical and other exposure owed by defendant.”
Although the transcript of the hearing is sparse, the trial court admitted a recommendation, certificate, and order of the Office of Worker’s Compensation dated January 20, 1987, March 4, 1987, and May 13, 1987, respectively. The recommendation found that rehabilitation services were necessary for Guidry and that the cost of said rehabilitation was to be paid by First Horizon Insurance Company. The certificate states that the parties received the recommendation and that neither party rejected it. Finally, the order states that Guidry’s benefits were to be reduced by 50% per week due to his refusal to participate in rehabilitation.
Also admitted into evidence was the settlement agreement entered into between Guidry, First Horizon, and one of the third party tort-feasors whereby First Horizon was reimbursed for what it had paid on behalf of Guidry up to the date of settlement and/or date of trial.
Also entered into evidence was a judgment in Guidry v. Sam Grimmett, Inc.[1], whereby judgment was rendered on January 22, 1988, in favor of Guidry in the amount of $234,000, reduced by 40% for Guidry’s comparative negligence, resulting in a jury verdict in the amount of $140,000. This amount of $184,861.87 ($140,000 plus interest) was deposited by Sam Grimmett, Inc. and its insurer on November 16, 1988, and withdrawn by Guidry on the same day.
Mr. Miller, attorney for Guidry, was willing to stipulate at the hearing that First Horizon should be credited with the cost of plaintiff’s rehabilitation, but no formal stipulation was entered. The trial court reserved the issue when appointing a rehabilitation expert.
Finally, Guidry’s deposition of January 18, 1988, was entered into evidence, in which Guidry said that the same rehabilitation expert appointed by the trial court in this case had seen him prior to the December, 1987 tort-feasor trial and had testified at that trial.
The partial testimony of only one witness was transcribed and made available to this Court. Thomas Kimbrough, a contract claims supervisor for Napoleon Services, the adjusting company for First Horizon, began to testify but, for reasons unbeknown to this Court, his testimony was cut short by an adjournment by the trial court. No other evidence was made available to this Court.
ISSUE
The essence of Guidry’s argument is that the trial court erred in not casting First Horizon with the cost of the rehabilitation expert. He contends that the rehabilitation expert will not provide any services until assured of payment.
DISCUSSION
First Horizon asserts that, pursuant to La.R.S. 23:1103, it is entitled to a credit for the award plaintiff received from the judgment in the tort-feasor action insofar as this judgment includes an amount for rehabilitation services.
La.R.S. 23:1103, in effect at all times relevant herein, states as follows:
“In the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person, as provided in R.S. 23:1102, and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent; and if the damages are not sufficient or are sufficient *146 only to reimburse the employer for the compensation which he has actually paid, such damages shall be assessed solely in his favor; but if the damages are more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his dependent, and upon payment thereof to the employee or his dependent, the liability of the employer for compensation shall cease for such part of the compensation due, computed at six per cent per annum, and shall be satisfied by such payment.
No compromise with such third person by either the employer or the injured employee or his dependent shall be binding upon or affect the rights of the others unless assented to by him.” (emphasis added)
It appears from the statute that, upon receipt by Guidry of the funds for vocational rehabilitation[2] from the tort-feasor action, First Horizon’s obligations ceased and were satisfied. As such, we find no error on the part of the trial court in failing to cast First Horizon with the cost of Guidry’s rehabilitation expert[3]. We affirm the trial court’s denial of Guidry’s motion for new trial.
CONCLUSION
Based upon the foregoing, the judgment of the trial court is hereby affirmed. Costs of this appeal are to be paid by plaintiff-appellant, Norman Joseph Guidry.
AFFIRMED.

. This Court affirmed the trial court judgment at 557 So.2d 249 (La.App. 3 Cir.1990), cert, denied, 558 So.2d 557 (La.1990).

. “A lump sum judgment of damages is presumed to award all items of damage claimed.” Keating v. Holston's Ambulance Service, 546 So.2d 919, 927 (La.App. 3 Cir.1989).

. Insofar as First Horizon did not file an answer to the appeal, we will not amend the judgment to grant it the statutory credit set forth in La. R.S. 23:1103.